# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:20-CV-00638-KDB

| | |
|---|---|
| CEDRIC D. GERALD,<br><br>    **Plaintiff,**<br><br>v.<br><br>ANDREW M. SAUL, Commissioner of Social Security,<br><br>    **Defendant.** | **ORDER** |

**THIS MATTER** is before the Court following its previous order requiring Plaintiff to inform the Court in writing of his intention to proceed with his case by May 3, 2021. (Doc. No. 21). The deadline for Plaintiff to comply with the Court's order has passed, and upon review of the matter, the Court will dismiss this case without prejudice for the reasons stated briefly below.

Plaintiff filed his Complaint appealing the final decision of the Commissioner on April 20, 2020, in the United States District Court for the Western District of New York. (Doc. No. 1). At the time, Plaintiff was represented by counsel. On November 13, 2020, the Commissioner moved for transfer of venue to the Western District of North Carolina based on Plaintiff's Charlotte, North Carolina address. (Doc. No. 11). The motion was granted and the case was transferred to this Court on November 18, 2020. (Doc. No. 13). On November 25, 2020, Plaintiff's counsel filed a Motion to Withdraw as Attorney because counsel was not admitted in the Western District of North Carolina and did not know any attorney admitted in the Western District of North Carolina who could serve as local counsel. (Doc. No. 14). The motion recited that counsel informed Plaintiff in writing and orally that the firm was unable to represent him in his case and that counsel would be moving to withdraw. Plaintiff was further informed that if he wished to proceed with this case, he

1

should retain new counsel to represent him or proceed *pro se*. Counsel requested Plaintiff sign a consent form for counsel's withdrawal, but Plaintiff never returned the form. Counsel provided the Court with Plaintiff's last known address.

Upon granting counsel's motion to withdraw, the Court stayed the matter for 60 days and directed Plaintiff to obtain new counsel or notify the Court of his intention to proceed *pro se* within 60 days. The order was sent to Plaintiff's last known address in Charlotte, North Carolina. Plaintiff never responded. On April 12, 2021, Plaintiff was ordered to inform the Court in writing of his intention to proceed with his case, whether with an attorney or *pro se*. It warned Plaintiff that failure to do so may result in the dismissal of his action. The order was mailed to Plaintiff's address, but was returned as undeliverable and unable to forward. The Court has no other address for Plaintiff.

A district court has the authority to dismiss a plaintiff's action because of his failure to prosecute, either upon a defendant's motion or *sua sponte*. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962); *see also* Fed. R. Civ. P. 41(b). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link*, 370 U.S. at 629-30. In assessing whether dismissal is appropriate under Rule 41(b), a court evaluates (1) the degree of plaintiff's personal responsibility for the failure; (2) the prejudice caused to the defendant; (3) whether the plaintiff has a history of deliberately proceeding in a dilatory fashion; and (4) the availability of a less drastic sanction. *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982). Although pro se litigants are not held to the same high standards as attorneys, they must still meet certain standards, including "time requirements and respect for court orders without which effective judicial administration would be impossible." *Ballard v. Carlson*, 882 F.2d 93, 96 (4th Cir. 1989). This also includes a

plaintiff's general duty to prosecute his case. In this regard, a *pro se* plaintiff must keep the Court apprised of his or her current address. *See Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988); *Greeson v. Colvin*, No. 1:13CV906, 2015 WL 339647, at *3 (M.D.N.C. Jan. 23, 2015). A plaintiff's failure to keep the Court informed of a new address can constitute failure to prosecute. *See, e.g.*, *Greeson*, 2015 WL 339647 at *3 (citing to various cases dismissing for failure to prosecute because plaintiff did not provide the court with an updated address); *Blakney v. Commissioner of Social Sec.*, No. 1:12CV169-LG-JMR, 2013 WL 6796552, at *2 (S.D. Miss. Dec. 20, 2013).

The Court has considered the factors in *Chandler Leasing* and finds that dismissal is the appropriate sanction in this case. Plaintiff not only failed to comply with the Court's orders, he also failed to inform the Court or the Commissioner of an updated address with which the Court can contact Plaintiff. Given the lengthy period during which Plaintiff has taken no action (which has now been over five months), the Court can only assume that Plaintiff has decided not to pursue this matter. While Plaintiff likely did not receive the Court's second order informing him that his case could be dismissed if he failed to respond, Plaintiff bears the responsibility of providing the Court with a reliable means of communicating with him. Thus, the first factor weighs in favor of dismissal.

As for the second factor, Plaintiff's failure to prosecute has rendered Defendant unable to address the merits of his claim. Thus, the second factor weighs in favor of dismissal. Similarly, factor three favors dismissal because Plaintiff has had ample time to take action in this case and has not done so. The delay in this matter is also caused by Plaintiff's failure to provide the Court with a reliable means of communicating with him. Finally, lesser sanctions are not available to the Court due to its inability to contact Plaintiff and his complete lack of compliance. Therefore,

dismissal is an appropriate sanction for Plaintiff's failure to prosecute, non-compliance with Court orders, and failure to provide the Court with any reliable means of communicating with him.

    **IT IS THEREFORE ORDERED** that this matter be **DISMISSED** without prejudice for the reasons stated above.

    **SO ORDERED.**

Signed: May 12, 2021

Kenneth D. Bell
United States District Judge